## B. F. Jones v. J. W. Hunter.

1. INSTRUCTIONS—*To be Accurate, Where There is a Conflict in the Testimony.*—Where there is a sharp conflict in the testimony, the accuracy of the instructions is especially important.

2. SAME—*Where the Instructions Are Too General.*—In an action for goods sold and delivered, where the declaration contains different counts, it is error to instruct the jury not to find for the plaintiff unless he has proved every material allegation contained in all the counts of his declaration. To a recovery it is only necessary for the plaintiff to prove the material allegations contained in some one count of his declaration.

Assumpsit, for goods sold, etc. Appeal from the County Court of McLean County; the Hon. ROLAND A. RUSSELL, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December 10, 1901.

BARRY, MORRISSEY & FIFER, attorneys for appellant.

ROWELL, NEVILLE & LINDLEY, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee purchased a stock of goods of appellant at Chenoa, Illinois. Soon after, he entered into a contract for the purchase of another and larger stock of goods belonging to appellant at Monmouth, Illinois, at a price to be fixed by invoice of the goods at their market value. The terms of the contract required appellee, in payment of the Monmouth stock of goods, to turn over to appellant the Chenoa stock of goods at the price they had been invoiced to him in the previous trade, $6,806, to convey to appellant

certain real estate at the value of one-half the balance, to transfer to appellant certain bank stock valued at $1,750, and to execute to appellant his promissory note for the remainder.    It was further agreed that appellee should turn over to appellant all cash received by him from goods sold out of the Chenoa stock during the time he had possession of those goods.    The Monmouth stock invoiced $15,601.02. The amount of cash received by appellee out of sales from the Chenoa stock, amounted to $34.88.    Appellee conveyed to appellant real estate valued at $4,000, turned over the Chenoa stock of goods, and, instead of executing his note to appellant, paid him $3,900.    These payments, together with certain small interest and expense charges made against appellant, aggregated $14,762.73.

This suit was brought by appellant to recover the difference between the invoice price of the goods and the amount of the payments, $838.29, and the $34.88 received from sales from the goods at Chenoa.    Appellee pleaded the general issue, payment and accord and satisfaction, setting up that disputes having arisen as to the correctness of the invoice of the Monmouth stock of goods and as to the amount due from appellee in settlement of such disputes, appellee deeded to appellant certain Indiana real estate and paid him $3,900 in money, which was accepted and received by appellant in full satisfaction of all claims made by him against appellee.    Upon replications, denying the pleas, being filed, a trial by jury was had, resulting in a verdict in favor of appellee and a judgment against appellant for costs.

As the judgment must be reversed because of an erroneous instruction, and the cause remanded for trial by another jury, we refrain from expressing any opinion upon the merits of the case, and do not care to enter into an extended discussion of the evidence.

There was a sharp conflict in the testimony upon the vital points in controversy, wherefore accuracy of instructions was especially important.    Among the instructions given to the jury in behalf of appellee, we find the following:

"6. The court instructs you that in this case the burden of proof is upon the plaintiff to prove all material allegations of the declaration by a preponderance of the evidence. If you believe, after considering all the evidence in the case, that the evidence is equally balanced on any material allegation of the declaration, or that the evidence preponderates in favor of the defendant on any such material issue made by the declaration, then you should find your verdict in favor of the defendant."

The declaration contained a special count, under which the plaintiff sought a recovery for $838.29 difference, and the common counts, under which he sought a recovery for the $34.88 item. By the instruction quoted, the jury were told, in effect, that they should not find for the plaintiff unless he proved every material allegation contained in all counts of the declaration, those in the special as well as those in the common counts. To a recovery, it was only necessary for the plaintiff to prove the material allegations contained in some one count of his declaration. The instruction is also open to the criticism that it leaves to the jury the determination of what are material allegations. No instruction was given defining the material allegations involved.

The judgment will be reversed and the cause remanded.